**Troy G. Sexton, OSB #115184**
Motschenbacher & Blattner LLP
117 SW Taylor St Suite 200
Portland, OR 97204
503-417-0517
503-417-0527 (fax)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: <br><br> Michael Madison O'Neill <br><br> Debtor | Bankruptcy Case No. 14-32050-pcm |
| Michael Madison O'Neill <br><br> Plaintiff, <br><br> v. <br><br> Steven Allen Smith P.C. <br><br> Defendant | Adversary Case No. <br><br> COMPLAINT |

Plaintiff Michael Madison O'Neill ("Plaintiff") alleges and complains against the

Defendant, Steven Allen Smith P.C. ("Defendant"), as follows:

**PARTIES**

1.  Plaintiff is the Debtor in the above-captioned bankruptcy case, and is a resident of

the State of Oregon, Multnomah County.

PAGE 1 – COMPLAINT

2. Defendant is an Oregon Professional Corporation practicing law in Multnomah County.

## JURISDICTION & VENUE

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(K)

4. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5. Venue is proper under 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

6. Plaintiff is the owner of the commercial property located at 7133 NE Glisan, Portland OR 97213 (the "Subject Property"), more particularly described as: Brainard, Block 1, Lot 19 & 20, E 85.6' of Lot 21 & 22, E 85.6" of Lot 23 EXC PT in ST.

7. On January 10, 2012, Plaintiff's former wife petitioned for divorce in Multnomah County Oregon. Plaintiff hired Defendant to represent him in that domestic relations case and a significant volume of litigation ensued.

8. On or about May 31, 2012, after significant fees had accumulated and on the eve of a scheduled dissolution trial, Defendant demanded that Plaintiff sign and deliver a document entitled "DEED OF TRUST" (the "Deed of Trust"). The purpose of the Deed of Trust was to secure the payment of attorney's fees from Plaintiff to Defendant pursuant to a note signed on May 9, 2012.

9. Defendant did not advise Plaintiff to seek independent counsel to advise him on the transaction or the terms of the Deed of Trust. No present consideration was given for the Deed of Trust at the time it was executed nor was it executed with the Plaintiff's informed consent.

10. The Deed of Trust was recorded in Multnomah County Oregon, on October 21,

PAGE 2 – COMPLAINT

2013, as Reference No. 2013-140038 and attached to this complaint at Exhibit 1.

11. ORS 86.713 specifies the qualification of a Trustee of a valid trust deed. The Trustee must be 1) an Oregon attorney; 2) a financial institution or trust company; 3) a title insurance company; or 4) an escrow company.

12. The Deed of Trust designated Lisa Belcher as the Trustee. On information and belief Lisa Belcher is Steven Allen Smith's secretary, and is not qualified to be a trustee under of an Oregon trust deed pursuant to ORS 86.713.

13. Lisa Belcher notarized the Deed of Trust, despite having a direct beneficial interest in the Deed of Trust by virtue of her designation as the Trustee.

14. Under ORS 194.225 a notarial act performed with respect to a record in which the Notary has a direct beneficial interest is voidable.

15. On April 10, 2014 (the "Petition Date"), the Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

16. The Chapter 13 Trustee in this case has validly assigned his avoidance powers under 11 USC § 544 to the Debtor to prosecute this adversary proceeding.

17. Defendant's claim against Plaintiff, if any, is unsecured absent a valid and timely filed trust deed.

### FIRST CLAIM FOR RELIEF

**(Defective Deed)**

18. Plaintiff incorporates the allegations in Paragraphs 1-17, as if fully set forth.

19. As of the Petition Date, the Deed of Trust was not properly perfected under applicable law because the Defendant failed to comply with ORS 86.713.

20. Subject to 11 U.S.C. § 544, the Plaintiff may avoid the Deed of Trust because it was

PAGE 3 – COMPLAINT

not properly perfected under applicable law as of the petition date.

21. Plaintiff is entitled to avoid Defendant's Deed of Trust so that it no longer remains a lien against the Subject Property.

## SECOND CLAIM FOR RELIEF

### (No Consideration)

22. Plaintiff incorporates the allegations in Paragraphs 1-17, as if fully set forth.

23. No consideration was given to the Plaintiff for the Deed of Trust; therefore it is not valid.

24. Subject to 11 U.S.C. § 544, the Plaintiff may avoid the Deed of Trust because it was not valid under applicable law as of the petition date.

25. Plaintiff is entitled to avoid Defendant's Deed of Trust so that it no longer remains a lien against the Subject Property.

## THIRD CLAIM FOR RELIEF

### (Voidable Notarial Act)

26. Plaintiff incorporates the allegations in Paragraphs 1-17, as if fully set forth.

27. The notarial officer who notarized the Deed of Trust had a direct beneficial interest in the Deed of Trust. The Deed of Trust is therefore voidable.

28. Subject to 11 U.S.C. § 544, the Plaintiff may avoid the Deed of Trust because it was voidable under applicable law as of the petition date.

29. Plaintiff is entitled to avoid Defendant's Deed of Trust so that it no longer remains a lien against the Subject Property.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Michael Madison O'Neill prays for a judgment:

1. Declaring that Defendant's Deed of Trust lien against the Subject Property is avoided;

2. Declaring that Defendant's claim against Plaintiff is unsecured, if a proof of claim was timely and properly filed; and

3. For further relief as the Court deems just and proper under the circumstances, including, including costs of this action and attorney's fees if appropriate.

DATED: March 10, 2015.

MOTSCHENBACHER & BLATTNER, LLP


/s/ Troy G. Sexton
Troy G. Sexton, OSB #115184
Of Attorneys for Plaintiff Michael Madison O'Neill

PAGE 5 – COMPLAINT

FORM No. 881-1 – TRUST DEED (No restriction on assignment).                                  © 1988-1999 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR   www.stevensness.com

EA                          NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

## TRUST DEED

Michael O'Neill
7131 NE Glisan Street
Portland, OR 97213
*Grantor's Name and Address*

Steven Allen Smith, P.C.
5745 NE Glisan Street
Portland, OR 97213
*Beneficiary's Name and Address*

After recording, return to (Name, Address, Zip):
Steven Allen Smith, P.C.
5745 NE Glisan Street
Portland, OR 97213

STATE OF OREGON,  } ss.
County of _____

I certify that the within instrument was received for recording on _____, at _____ o'clock _____M., and recorded in book/reel/volume No. _____ on page _____

Multnomah County Official Records
R Weldon, Deputy Clerk

**2013-140038**

$51.00

0125293920130140038003002

10/21/2013 02:15:05 PM
1R-TR DEED       Pgs=3 Stn=70 ATKRH
$15.00 $11.00 $15.00 $10.00

---

THIS TRUST DEED, made on _____, between
_____ Michael O'Neill _____, as Grantor,
_____ Lisa Belcher _____, as Trustee, and
_____ Steven Allen Smith, P.C. _____, as Beneficiary,

WITNESSETH:
Grantor irrevocably grants, bargains, sells and conveys to trustee, in trust, with power of sale, the property in __Multnomah__ County, Oregon, described as:

BRAINARD, BLOCK 1, LOT 19&20, E 85.6' OF LOT 21&22, E 85.6' OF LOT
23 EXC PT IN ST

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.
FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of __100,000__
Dollars, with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable on __sale of property__.
The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable.
To protect the security of this trust deed, grantor agrees:
 1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.
 2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.
 3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require, and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
 4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards, as the beneficiary may from time to time require, in an amount not less than $_____, written by one or more companies acceptable to the ben-eficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as issued. If the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
 5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to beneficiary. Should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and shall constitute a breach of this trust deed.
 6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation, and trustee and attorney fees actually incurred.
 7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.
It is mutually agreed that:
 8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon beneficiary's request.
(OVER)

NOTE: The Trust Deed Act provides that the trustee hereunder must be either an attorney who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.



Title Data, Inc. OT POR10318 MU 2013140038.001



9. At any time, and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; or (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by grantor hereunder, beneficiary may, at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney fees, upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in grantor's performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such event, the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753 may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed, together with trustee and attorney fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of: (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney; (2) to the obligation secured by the trust deed; (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority; and (4) the surplus, if any, to the grantor, or to any successor in interest entitled to such surplus.

16. Beneficiary may, from time to time, appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants to and agrees with the beneficiary and the beneficiary's successors in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title thereto, except as may be set forth in any addendum or exhibit attached hereto, and that the grantor will warrant and forever defend the same against all persons whomsoever.

WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are (choose one):*
(a) primarily for grantor's personal, family or household purposes (see Important Notice below).
(b) for an organization, or (even if grantor is a natural person) are for business or commercial purposes.

This deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may each be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first written above.

*IMPORTANT NOTICE: Delete, by lining out, whichever warranty (a) or (b) is inapplicable. If warranty (a) is applicable and the beneficiary is a creditor as such word is defined in the Truth-in-Lending Act and Regulation Z, the beneficiary MUST comply with the Act and Regulation by making required disclosures. If compliance with the Act is not required, disregard this notice.

Michael O'Neill     Date  5-31-12

STATE OF OREGON, County of Multnomah ) ss.
This instrument was acknowledged before me on May 31, 2012,
by michael O'neill

This instrument was acknowledged before me on _____,
by _____
as _____
of _____

OFFICIAL SEAL
LISA MAY BELCHER
NOTARY PUBLIC-OREGON
COMMISSION NO. 466402
MY COMMISSION EXPIRES MARCH 14, 2016

Notary Public for Oregon
My commission expires 3/14/16

---

REQUEST FOR FULL RECONVEYANCE (To be used only when obligations have been paid.)

TO: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing trust deed. All sums secured by the trust deed have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of the trust deed or pursuant to statute, to cancel all evidences of indebtedness secured by the trust deed (which are delivered to you herewith together with the trust deed) and to reconvey, without warranty, to the parties designated by the terms of the trust deed, the estate now held by you under the same. Mail the reconveyance and documents to _____

DATED _____
Do not lose or destroy this Trust Deed OR THE NOTE which it secures. Both should be delivered to the trustee for cancellation before reconveyance is made.

_____ Beneficiary

$ 100,000    Portland, Oregon    5/9/14
              CITY AND STATE WHERE EXECUTED    DATE

☐ days ☐ months ☐ years (indicate which) after the above date, I/we, jointly and severally, promise to pay to the order of Steven Allen Smith, P.C.

at (insert place payments to be made) 5745 NE Glisan St, Portland, Oregon 97213
the sum of One Hundred Thousand and ———— 00/100 — DOLLARS,
with interest thereon at the rate of 9% percent per annum from ———— until paid. Interest shall be paid
————. If any payment due is not so paid, all principal and interest shall become immediately due and collectable at the option of the holder of this note.

Any part of the principal hereof paid before it is due shall be subject to the following prepayment penalty: ————

If this note is placed in the hands of an attorney or other third party for collection, I/we promise and agree to pay the holder's reasonable attorney fees and/or collection costs, even though no suit or action is filed. If a suit or action is filed, the amount of such reasonable attorney fees shall be fixed by the court(s) in which the suit or action, including any appeal, is tried, heard or decided.

This is a replacement note. It will be replaced by a note in the amount of the final attorney fee statement.

*/s/ Mike O'Neill*
mike O'Neill

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

FORM No. 139 – PROMISSORY NOTE – Penalty for Early Prepayment.    EC    © 1999 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR    www.stevensness.com

Title Data, Inc. OT POR10318 MU 2013140038.003